**U.S. Department of Justice**

Eastern District of Louisiana
U. S. Attorney's Office

---

*Dorothy M. Taylor*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*500 Poydras Street, B205*
*New Orleans, LA   70130*

*Telephone # :(504) 680-3083*
*Fax # : (504) 589-34510*

May 21, 2010

**EMAIL:** William Gibbens (billy@swemlaw.com)
William Gibbens, Esq.
650 Poydras Street, Suite 2105
New Orleans, LA   70130

      Re:    United States v. Bradley Electrical Services, Inc.
               Crim. Doc. No. 10-150 "K" (1)

Dear Mr. Gibbens:

      In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the United States of America and Bradley Electrical Services, Inc., the defendant in the above-captioned proceeding. As defendant's counsel you have reviewed the terms of this agreement and have been advised by the defendant that the defendant fully understands the terms of this agreement. The defendant corporation agrees to file a resolution into the record at its initial appearance authorizing the defendant to enter into this plea agreement.

      The Government intends to file a one count Bill of Information charging the defendant with willful violation of overtime provisions of the Fair Labor Standards Act, in violation of 29 U.S.C. §§ 207(a)(1), and 216(a). Should the defendant agree to plead guilty to the one count misdemeanor Bill of Information, the Government agrees that it will not bring any other criminal charges against the defendant in the Eastern District of Louisiana regarding activities which relate to the defendant's participation in the activities more fully set forth in the Factual Basis.

      The defendant further understands that the statutory maximum penalty is a fine of $10,000.

      It also is understood that the Court must order restitution to any victim in this case under the provisions of 18 U.S.C. § 3663, if the Court finds it appropriate to do so. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Mr. William Gibbens
May 21, 2010
Page -2-

Further, the defendant understands that a mandatory special assessment fee of $25 shall be imposed under the provisions of 18 U.S.C. § 3013. This special assessment must be paid on the date of sentencing.

As part of this agreement, the defendant and the government hereby stipulate and agree that the defendant owes a total of $126,006.24 to present and former employees. The parties further stipulate that the defendant will pay to the Department of Labor, Wage and Hour Division, $40,700.00 in penalties. The Company acknowledges that failure pay these amounts will result in this plea agreement being null and void.

As further part of this agreement, the defendant agrees to abide by a permanent injunction restraining it from violating provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, in that the defendant will not employ any person in commerce or in the production of goods in commerce or in an enterprise engaged in commerce for work weeks longer than forty hours, unless the employee receives compensation for his or her employment in excess of forty hours at a rate of not less than one and one-half times the regular rate at which he or she is employed.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives its rights to appeal from its conviction and/or its sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives its right to contest its conviction and/or sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The defendant agrees to waive any right to seek attorney's fees and/or litigation expenses under the "Hyde Amendment," 18 U.S.C. § 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Mr. William Gibbens
May 21, 2010
Page -3-

      The defendant understands that the statements set forth above represent defendant's entire agreement with the Government.  There are not any other agreements, letters, or notations that will affect this agreement.

                              Very truly yours,

                              JIM LETTEN
                              UNITED STATES ATTORNEY

                              DOROTHY MANNING TAYLOR
                              Assistant United States Attorney

_____      _____
BRADLEY ELECTRICAL SERVICES, INC.   (Date)
Defendant


_____      _____
WILLIAM P. GIBBENS                       (Date)
Attorney for Defendant